1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DUPREE LAMONT ADKINS,

11           Plaintiff,                No. CIV S-05-1413 LKK PAN P

12       vs.

13   J. WOODFORD, et al.,

14           Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed June 16, 2006, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended

19   complaint.

20           The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

1

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the

actions of their employees under a theory of respondeat superior and, therefore, when a named

defendant holds a supervisorial position, the causal link between him and the claimed

constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

Cir. 1982).

Plaintiff identifies by name only one defendant in the case caption, J. Woodford,

but fails to specify charging allegations against this defendant.  Plaintiff also names Does 1-20 in

the case caption, but also fails to specify charging allegations against any of those defendants.

Plaintiff refers to various prison personnel by name in paragraphs 1-26 of his complaint,

however, he does not name them as defendants in either the case caption as required under Rule

1  10 (a)[1] or in Section III of the form complaint, and he does not specify charging allegations

2  against them in the body of his complaint. Plaintiff will be given a further opportunity to amend

3  his complaint to name defendants and to specify charging allegations against them.

4    If plaintiff chooses to file a second amended complaint, plaintiff must allege in

5  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

6  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

7  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

8  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and

9  conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v.

10  Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

12  order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

13  an amended complaint be complete in itself without reference to any prior pleading.  This is

14  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

15  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

16  original pleading no longer serves any function in the case.  Therefore, in a second amended

17  complaint, as in an original complaint, each claim and the involvement of each defendant must

18  be sufficiently alleged.

19    In accordance with the above, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's amended complaint is dismissed; and

21    2.  Plaintiff is granted thirty days from the date of service of this order to file a

22  second amended complaint that complies with the requirements of the Civil Rights Act, the

---

23
24   [1] Rule 10 (a) provides, "Caption; Names of Parties. Every pleading shall contain a caption
setting forth the name of the court, the title of the action, the file number, and a designation as in
Rule 7(a). In the complaint the title of the action shall include the names of all the parties, but in
25  other pleadings it is sufficient to state the name of the first party on each side with an appropriate
indication of other parties.
26

1  Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint

2  must bear the docket number assigned this case and must be labeled "Second Amended

3  Complaint"; plaintiff must file an original and two copies of the second amended complaint;

4  failure to file a second amended complaint in accordance with this order will result in a

5  recommendation that this action be dismissed.

6          3.  The Clerk of the Court is directed to send to plaintiff a copy of the court's form

7  complaint for filing a civil rights action.

8  DATED: July 31, 2006.

9

10                                    UNITED STATES MAGISTRATE JUDGE

11

12  14

13  adki1413.14amd.new

14

15

16

17

18

19

20

21

22

23

24

25

26