IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DuPREE LAMONT ADKINS,

      Plaintiff,                           No. CIV S-05-1413 LKK EFB P

    vs.

J. WOODFORD, et al.,

      Defendants.              <u>ORDER</u>

         Plaintiff is a state prisoner without counsel prosecuting a civil rights action. *See* 42 U.S.C. § 1983. On August 2, 2006, the court dismissed plaintiff's amended complaint with leave to amend. On September 22, 2006, plaintiff filed a second-amended complaint. On July 23, 2007, plaintiff filed a request to amend his second-amended complaint. This request is defective, as plaintiff has failed to comply with Local Rule 15-220, which provides that an amended complaint "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." If plaintiff wishes to amend his complaint, he may do so according to the court's instructions as set forth below.

         The court has reviewed plaintiff's September 22, 2006, second-amended complaint and, for the limited purposes of § 1915A screening, finds that it states a cognizable retaliation claim against defendants Sanchez and Armoskous. *See* 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against defendants Prosper, Grannis, Surgess, Zielen, Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer.

Plaintiff alleges that defendant Prosper denied his appeal without investigation, and that defendants Grannis, Surgess, and Zielen denied his appeals. To the extent plaintiff attempts to state a claim relating to the processing of his appeals, he is advised that, "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill.1982)); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); see also *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F.Supp. at 10; *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986). The failure to process a grievance does not state a constitutional violation, and a prison official's involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. There is no constitutionally protected right to an appeals process and there is no constitutionally protected right to a particular outcome. Even if plaintiff's inmate appeals concerned the due process violations that allegedly occurred in conjunction with plaintiff's disciplinary hearings, defendants' actions in reviewing and issuing decisions on the appeals do not provide a basis upon which to impose liability under section 1983.

////

Plaintiff claims that defendants Shahdeh and Jennings conspired with defendant Alheiser to "stack reports." Plaintiff does not explain what it means to "stack reports," nor does he describe how this action amounts to a constitutional violation. This allegation does not state a cognizable claim against these defendants.

Plaintiff alleges that defendant Ansell found him guilty of a rules violation report that had been voided. Plaintiff does not allege that any harm arose from this guilty finding and therefore plaintiff fails to state a claim against defendant Ansell.

Plaintiff claims that defendants Ransdell, Harvey, and Leo denied him medical treatment. plaintiff is advised that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle v. Gamble*, 429 U.S. at 105-06). Plaintiff has failed to identify any harm resulting in his denial of treatment and has failed to allege facts suggesting that these defendants were deliberately indifferent to a serious medical need.

Plaintiff alleges that defendant Hutson refused to provide plaintiff with valid identification, rendering him unable to participate in various programs that require valid identification, and that defendant Tinnel condoned this act. A prisoner does not have a constitutional right to participate in prison work or rehabilitative programs. *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). Plaintiff has therefore failed to state a cognizable claim against defendants Hutson and Tinnel.

Plaintiff alleges that defendant Zimmer placed him on program failure "even though he didn't meet the criteria." Plaintiff does not explain the program failure defendant Zimmer

deemed him to be in, nor does he explain what the consequences of this program failure were. Plaintiff does not state why he did not "meet the criteria" for being considered in program failure. Further, a prisoner does not have a constitutional right to receive a particular security classification. *Moody v. Daggett*, 429 U.S. 78, 87 fn.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir.1987). Plaintiff has therefore failed to state a cognizable claim against defendant Zimmer.

To the extent that plaintiff is attempting to state claims based on retaliation, plaintiff is advised that retaliation by prison officials for the exercise of a prisoner's constitutional right of access to the courts violates the federal constitution. *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995); *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Rizzo*, 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. *Pratt* at 806 (citing *Rizzo*, 778 F.2d at 532). Verbal harassment alone is insufficient to state a claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In *Pratt*, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

conduct alleged to be retaliatory." *Pratt*, 65 F.3d at 807 (citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995)).

Plaintiff may proceed forthwith to serve defendants Sanchez and Armoskous and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendants Prosper, Grannis, Surgess, Zielen, Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Prosper, Grannis, Surgess, Zielen, Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants Sanchez and Armoskous, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Prosper, Grannis, Surgess, Zielen, Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or

occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a third amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 California Administrative Code § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Sanchez and Armoskous.

Accordingly, the court hereby orders that:

1. Claims against defendants Prosper, Grannis, Surgess, Zielen, Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Sanchez and Armoskous. *See* 28 U.S.C. § 1915A. With this order the Clerk of the

1  Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 22,
2  2006, 2 USM-285 forms and instructions for service of process on defendants Sanchez and
3  Armoskous.  Within 20 days of service of this order plaintiff may return the attached Notice of
4  Submission of Documents with the completed summons, the completed USM-285 forms, and 3
5  copies of the endorsed September 22, 2006, complaint.  The court will transmit them to the
6  United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Sanchez
7  will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.
8  12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent
9  to an order dismissing his defective claims against defendants Prosper, Grannis, Surgess, Zielen,
10 Shahdeh, Jennings, Alheiser, Ansell, Ransdell, Harvey, Leo, Hutson, Tinnel, or Zimmer without
11 prejudice.

12 Dated:  October 24, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DuPREE LAMONT ADKINS,

      Plaintiff,                    No. CIV S-05-1413 LKK EFB P

    vs.

J. WOODFORD, et al.,

      Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

       __1__      completed summons form

      _____      completed forms USM-285

      _____      copies of the _____
                             Second Amended Complaint

Dated:

                                              _____
                                                      Plaintiff