IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DUPREE LAMONT ADKINS,

    Plaintiff,                    No. CIV S-05-1413 LKK EFB P

    vs.

J. WOODFORD, et al.,               FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the September 22, 2006, second amended complaint in which plaintiff claims the following: (1) plaintiff is a practicing Rastafarian who has taken the Vow of the Nazarite; (2) because he refused to violate his vow and shave his bunal locks and beard, he was issued a rules violation report by defendant Sanchez; and (3) this resulted in a retaliatory transfer to a higher-security facility and plaintiff's subsequent inability to use the prison chapel for religious observance, in violation of his First Amendment right to practice his religion.

     On September 5, 2006, plaintiff filed a motion seeking a court order directing defendants to provide him with his medication, place him in protective lock-up, and expedite his appeals.

////

1  The court construes the request as a motion for a preliminary injunction. For the reasons
2  explained below, the undersigned recommends that the motion be denied.
3      A preliminary injunction will not issue unless necessary because threatened injury would
4  impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v.*
5  *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
6  F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching
7  power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*
8  *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive
9  relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

18  *E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006). If the balance
19  of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a
20  likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand*
21  *Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The
22  threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National*
23  *Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in
24  nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313,
25  1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must
26  more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Here, plaintiff has failed to show that he is likely to prevail on the merits. Assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief. Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm. He appears to allege in his motion that, after a cell search, a correctional officer at California Correctional Center confiscated medication that he considered to have expired. Plaintiff alleges that the medication has not expired and that he needs this medication to treat his hypertension. Plaintiff also seeks a protective lock-up order and an expedited appeals process.

As for a showing of likelihood of success on the merits, the allegations in this motion have little if anything to do with the merits of the complaint. Moreover, plaintiff does not address how the deprivation of his medication, current lock-up status, or current handling of his appeals has impeded his access to the court where he has been able to file this request for preliminary injunction. Furthermore, whatever the status regarding the content of plaintiff's motion and its nexus to the merits of this case, plaintiff has not shown irreparable harm and, indeed, it appears not to have affected his ability to litigate this action. He has managed to file the second amended complaint and the instant motion. In short, plaintiff has shown neither a probability of success on the merits of his lawsuit and the possibility of irreparable harm, nor that serious questions have been raised and that the balance of relative hardships tips sharply in his favor.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's September 5, 2006, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

3

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4  Dated:  February 8, 2008.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

4